UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20583-ALTMAN/Becerra

**MICHAEL FELIX**,

    *Plaintiff*,

v.

**JUDGE ARIEL RODRIGUEZ**, *et al.*,

    *Defendants*.

_____/

## ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Our Plaintiff, Michael Felix, has filed a Motion for Leave to Proceed *in Forma Pauperis* ("IFP Motion") [ECF No. 3] in his lawsuit against (1) Florida Eleventh Judicial Circuit Judge Ariel Rodriguez, (2) Florida State Attorney Angel Sierra, and (3) the Miami-Dade State Attorney's Office. *See* Complaint [ECF No. 1] at 1. Since the Complaint is an impermissible shotgun pleading—and because Judge Rodriguez and State Attorney Sierra are immune from this lawsuit—we **DENY** the Plaintiff's IFP Motion and **DISMISS** the Complaint **without prejudice** under the provisions of 28 U.S.C. § 1915(e)(2)(B).

### THE FACTS

All we know about the Plaintiff is that he or she[1] is a Miami resident. *See* Complaint at 1. His Complaint consists of the standard Southern District of Florida form "Complaint for a Civil Case," plus three appended pages. *See ibid.* In this lawsuit against Judge Rodriguez, State Attorney Sierra, and the Miami-Dade State Attorney's Office, the Plaintiff has checked the box for "federal question"

---

[1] The Plaintiff refers to him or herself as both a "man" and a "woman." *See* Complaint at 6. For simplicity's sake, we'll refer to him as a man for now.

jurisdiction, but he hasn't supplied any "federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." *Id.* at 3. Under "Statement of Claim," he writes: "I am being encroached upon, I'm being harm to my life, liberty, and freedom. All Defendants get paid or are employed by the State of Florida. 31 U.S.C. § 3729 Fraudulent Claim. Not Verified or Validated as Requested." *Id.* at 4.[2] As relief, he demands "$13.5 million." *Ibid.* And, in the appended pages, he adds—among other things—these "Facts":

> The Defendant, Ariel Rodriguez with Miami, Dade clerk, of Court as a legal entity using the veil of Miami, Dade clerk, of court who is a legal-entity, filed a Criminal case against the legal entity name I am representing and will make a special appearance on, against MICHAEL FELIX, which is a U.S. person – defined at 26 U.S.C. § 7701(a)(30). I am not that legal entity name but that is an old corporation/legal entity name once used that has since been dissolved. I, Michael Felix am merely a living, flesh and blood woman. When first contacted by Ariel Rodriguez in March of 2023 about debt allegedly owed, I was also receiving letters from another attorney from the same firm by the name of Zachary Ross within weeks of each other. I at first did not understand why I was getting mail in two different legal entity names. I responded and requested VERIFICATION & VALIDATION, that he had authorization as the client to initiate this potential suit against me.

*Id.* at 6. On the page where the Plaintiff alleges that venue is appropriate in our District, he says:

> Ariel Rodriguez trespassed and encroached against me as a living woman by starting a lawsuit against me, without verifying or validating the debt as requested multiple times, and using unfair practices against me as I have done him no harm or injury. I am bringing this lawsuit to Federal Court which handles complaints for unfair collection practices under FDCPA 15 U.S.C.

*Id.* at 7. Finally, the Plaintiff asserts the following on the last page under the section marked "Relief":

> The Relief I want the court to order is . . . Money damages in the amount of $13.5 million Due to the above-mentioned violations including
> 1. False & Leading Misrepresentations
> 2. Unfair Practices
> 3. Failure to verify and validate debt as requested by law
> 4. Trespass and
> 5. Encroachment on me as a living woman, I am paying for judgment against Ariel Rodriguez the Living Man for the following amounts:
>    $13.5 Million Alleged amount owed
>    $1,000.00 Statutory Damages

---

[2] When we cite to the Complaint, all errors are in original.

> $5,000.00 Emotional Distress due to this trespass and encroachment
> $13.5 million Total for Lawsuit against Ariel Rodriguez the Living Man

*Id.* at 8.

The Plaintiff filed the Complaint *pro se* on February 14, 2024. That same day, he submitted his IFP Motion.

## THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that leniency "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action," *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . . [J]udges cannot and must not 'fill in the blanks' for

*pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022) (Steele, J.). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics: *One*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). *Two*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Ibid.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up)).

The Plaintiff's Complaint violates Rules 8(a)(2) and 10(b) and falls into *Embree*'s second and fourth categories of shotgun pleadings. Starting with Rule 8(a)(2), the Complaint doesn't contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P.

8(a)(2). Instead, it includes four disjointed statements that don't show much of anything. *See* Complaint at 4, 6–8. If we were to guess, we'd assume the Plaintiff is trying to allege that these Defendants have acted unlawfully in prosecuting the Plaintiff over a disputed debt, but the Plaintiff never comes out and says that. As for Rule 10(b), the Plaintiff has used our District's "Complaint for a Civil Case," but he's also appended three extra pages. There's nothing wrong with using the form, and there's nothing wrong with appending pages to that form. But, if the Plaintiff is going to use this kind of hybrid pleading, he must fill out the form complaint *completely* and *accurately*, and he must "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

As we've said, the Complaint is also a shotgun pleading. Starting with the second *Embree* category, the Complaint "is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Embree*, 779 F. App'x at 662. For example, the Plaintiff mentions that "I am not that legal entity name"—Michael Felix—"but that is an old corporation/legal entity name once used that has since been dissolved. I, Michael Felix am merely a living, flesh and blood woman." Complaint at 6. The Plaintiff goes on to say that he "was also receiving letters from another attorney from the same firm by the name of Zachary Ross . . . . I at first did not understand why I was getting mail in two different legal entity names." *Ibid.* Even when we construe the Complaint liberally, we cannot say how these meandering, tangential, and at times conflicting statements have anything to do with the Plaintiff's claims.

The Complaint also falls into the fourth category of shotgun pleading. The Plaintiff, after all, has "assert[ed] multiple claims against multiple defendants without specifying which defendant is responsible for which act." *Embree*, 779 F. App'x at 662. Specifically, the Plaintiff has alleged at least the following five causes of action: "(1) false & leading misrepresentations; (2) unfair practices; (3) failure to verify and validate debt as requested by law; (4) trespass; and (5) encroachment." Complaint

5

at 8 (cleaned up). And he has asserted these claims against three Defendants: Judge Rodriguez, State Attorney Sierra, and the State Attorney's Office. *Id.* at 1. But the Plaintiff never specifies which claims he's advancing against which Defendants. *See generally ibid.* Indeed, other than listing them in the Complaint's caption, the Plaintiff never even mentions State Attorney Sierra or the State Attorney's Office at all. *See generally ibid.* That could mean either that those two Defendants were involved in *all* the wrongdoing—or *none* of it. Needless to say, that won't do.

One last thing: the Plaintiff is trying to recover "monetary relief against" Judge Rodriguez and State Attorney Sierra, both of whom are "immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). As to Judge Rodriguez, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "[A] judge is [generally] immune from a suit for money damages." *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Sibley*, 437 F.3d at 1070. And, as to State Attorney Rodriguez, a prosecutor cannot be sued for actions he undertakes as "an advocate for the state." *Hart v. Hodges*, 587 F.3d 1228, 1295 (11th Cir. 2009). This immunity applies to a wide range of conduct "in initiating a prosecution and in presenting the State's case," including (but not limited to) "appearances in judicial proceedings, including prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing." *Rehberg v. Paulk*, 611 F.3d 828, 837–38 (11th Cir. 2010) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Unless the Plaintiff can show that he's suing Judge Rodriguez or State Attorney Sierra in their capacities as private citizens—rather than as judge and prosecutor—the Complaint fails as to these Defendants.

6

Because it's our "duty" to "ensure[ ] that the issues get defined at the earliest stages of the litigation," we must "strike the complaint and instruct [the Plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). But, "[w]hen a plaintiff files a shotgun pleading, a district court must give him *one chance* to replead before dismissing his case with prejudice on shotgun pleading grounds." *Buckman v. Lancaster Mortg. Co.*, 2021 WL 4618412, at *3 (11th Cir. Oct. 7, 2021) (emphasis added). So, we'll give the Plaintiff one chance to amend his Complaint in a way that conforms to our rules.

Accordingly, the Plaintiff must refile his claims with "numbered paragraphs, each limited as far as practicable to a single set of circumstances," FED. R. CIV. P. 10(b), and separate each cause of action into different counts. Along the way, the Plaintiff must (1) explain how he's been injured (and by whom), (2) articulate a basis for our subject-matter jurisdiction over the case and our personal jurisdiction over the Defendants, (3) show that venue is proper in our District, and (4) plead the elements of at least one viable cause of action, supporting each element with specific factual allegations. If the Plaintiff files an amended complaint that fails to satisfy these requirements, we will dismiss the amended complaint *without leave to amend*.

## CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Motion to Proceed *in Forma Pauperis* [ECF No. 3] is **DENIED**.
2. The Complaint [ECF No. 1] is **DISMISSED without prejudice**.
3. The Plaintiff may file an **amended complaint** by **March 16, 2024**. That amended complaint must comply with our Local Rules, the Federal Rules of Civil Procedure, and this Order. If the Plaintiff fails to file a compliant amended complaint by March 16, 2024, we *will dismiss* his case *without leave to amend*.

7

4. The Clerk of Court is directed to **CLOSE** this case for administrative purposes pending the Plaintiff's filing of an amended complaint.

**DONE AND ORDERED** in the Southern District of Florida on February 22, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Michael Felix, *pro se*